UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

BRETT PEGG,

          Plaintiff,

v().

UNITED SERVICES AUTOMOBILE
ASSOCIATION a/k/a USAA CASUALTY
INSURANCE COMPANY,

          Defendants.
_____

Civ. A. No. 09-2108 (SRC)

**OPINION & ORDER**

CHESLER, District Judge

    This matter comes before the Court on the motion by Plaintiff Brett Pegg to remand this action to state court [Docket Entry No. 5].  Defendant filed a Notice of Removal [Docket Entry No. 1] in this Court on May 1, 2008, removing this action from the Superior Court of New Jersey, Essex County, Law Division.  The Court has carefully considered the papers filed by Plaintiff in support of the instant remand motion and by Defendant United States Automobile Association ("USAA"), as agent for USAA Casualty ("USAA CIC"), in opposition to Plaintiff's motion to remand.  In addition, the Court held oral argument on the instant remand motion on August 19, 2009.

    This Court has an obligation to satisfy itself that it has subject matter jurisdiction over a case.  Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 420 (3d Cir. 2003) (citing Bracken v. Matgouranis, 296 F.3d 160, 162 (3d Cir.2002)).  Pursuant to 28 U.S.C. § 1447(c),  the Court must remand a case that has been removed and over which the Court lacks subject matter

jurisdiction.  Plaintiff claims that this Court lacks subject matter jurisdiction over the instant action because Plaintiff and one of the named Defendants, specifically USAA, are non-diverse parties.  Defendant contends that removal was proper because USAA was fraudulently joined by Plaintiff so as to defeat this Court's diversity jurisdiction.

In the absence of federal question jurisdiction, the Third Circuit has clearly and unequivocally held that a defendant may avoid remand, even where a non-diverse party has been joined as a defendant, by demonstrating that the non-diverse party was fraudulently joined. Batoff v. State Farm Insurance Company, 977 F.2d 848, 851 (3rd Cir. 1992).  If a plaintiff fails to state a cause of action against the non-diverse defendant, the Court may dismiss the non-diverse defendant and maintain the action in federal court. See, e.g., Salvaggi v. Prudential Prop. And Cas. Ins. Co., 871 F.Supp. 815, 818 (E.D. Pa.1995).  In Batoff v, State Farm Insurance Company, the Court held that joinder is fraudulent "'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment.'" 977 F.2d at 851 (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3rd Cir. 1990)).  In evaluating whether a challenged claim is "colorable," the Third Circuit has directed that, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court ." Batoff, 977 F.2d at 871; see also Pinnacle Choice, Inc. v. Silverstein, 2008 WL 2003759 (D.N.J. May 6, 2008) ("Fraudulent joinder is about frivolousness. It must be impossible for a state court to find that a plaintiff has stated a valid cause of action.").  Therefore, the court's analysis of whether a plaintiff has asserted colorable claims "should not be penetrating" and is distinct from the standard required for a motion to dismiss under Federal Rule of Civil Procedure

12(b)(6). <u>Batoff</u>, 977 F.2d at 853, 852 (noting that "the inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder. Therefore, it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief can be granted.").

It is crystal clear that, under New Jersey law, an insured party may only assert a breach of contract action against the insurance carrier who issued the policy of insurance.  See <u>Ricoh Company, Ltd. v. Honeywell, Inc.</u>, 817 F.Supp. 473 (D.N.J. 1993); <u>In re: Maple Contractors, Inc.</u>, 172 N.J. Super. 348, 354-355 (Law Div. 1979).  Turning to the facts of this case, the Court concludes that there is absolutely no reasonable basis or colorable ground to support a breach of contract claim by Plaintiff against USAA.  Upon reviewing the policy of the insured under which Plaintiff asserts his cause of action, it is clear that USAA CIC is the insurance carrier for Plaintiff and not USAA.  The declaration pages clearly identify USAA CIC as the corporate entity which entered into the contract to provide insurance coverage to Ms. Katherine Ballas and her son, Plaintiff Brett Pegg.  Moreover, the insurance identification cards issued to Ballas clearly identify the insuring company as USAA CIC, and not USAA.  Nowhere in the policy is USAA identified as the insurer for the insured.  The fact that the USAA logo appears sporadically throughout the insurance policy does not impose a contractual obligation upon USAA to insure the Plaintiff.  And to the extent that Plaintiff now asserts that this Court should pierce the corporate veil in order to hold USAA liable, no facts alleged in the Complaint support such a proposition.  Even taking into account the high standard for dismissing a non-diverse party based on fraudulent joinder, it is clear that New Jersey law simply does not permit a plaintiff to sue a party other than the insure for breach of contract under an insurance policy.  See <u>Ricoh</u>, *supra*; <u>Maple</u>

Contractors, *supra*.  Therefore, USAA will be dismissed from this action and the Court will retain jurisdiction.

For the reasons stated by the Court at oral argument and those reasons stated herein,

**IT IS** on this 8th day of September, 2009

**ORDERED** that Plaintiff's motion to remand [Docket Entry No. 5] this action to state court is hereby **DENIED**; and it is further

**ORDERED** that Defendant United States Automobile Association is hereby **DISMISSED** as a party to this litigation.

                                             s/ Stanley R. Chesler
                                      STANLEY R. CHESLER
                                     United States District Judge

Dated: September 8, 2009